JUDGE SWEET

11 CIV 8924

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YECHIEL GERSTLE

       Plaintiff,

   v.

PRESSLER & PRESSLER, LLP

       Defendant.
------------------------------------------------------------X

**COMPLAINT**



## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Pressler & Pressler, LLP ("P&P"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. Collectors are also required to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant has an office within this District.

   b. Defendant does business within this District.

5.  Defendant, P&P, has offices located at 305 Broadway, 9th Floor in New York, New York 10007.

6.  Defendant is a "debt collector" as defined in the FDCPA.

7.  Defendant is licensed by the New York City Department of Consumer Affairs as a debt collector.

8.  Defendant claims to be a debt collector on its website.

## FACTS

9.  On a date within the applicable statute of limitations, defendant sent a letter attached as <u>Exhibit A</u>.

10. The plaintiff is a "consumer" as defined by the FDCPA.

11. The letter is a "communication" as defined by the FDCPA.

12. In sending the letter, defendant sought to collect a "debt" as defined by the FDCPA because the charges it attempted to collect arose from personal, family or household purposes and not from business purposes.

13. The letter both gave plaintiff his right to dispute the debt and request verification within the initial 30 days while also saying "WE shall afford you this opportunity to pay this debt immediately and avoid further action against you."

## VIOLATIONS ALLEGED

14. Defendant's conduct violates 15 U.S.C. §§1692, 1692g.

15. Section 1692g titled "Validation of Debts" states:

**(a) Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained

in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;** and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.** (Emphasis Supplied)

16.   P&P violated the above emphasized provisions of the statute because the defendant's letter afforded plaintiff to provide payment immediately to avoid further action thereby overshadowing his right to dispute the debt within 30 days.

17.   P&P is liable to plaintiff for statutory damages pursuant to 15 USC 1692k.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and against the defendant for:

(1) Statutory damages in an amount of $1,000;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Dated: New York, New York
December 5, 2011

The Law Offices of Shimshon Wexler, PC

By: _____
Shimshon Wexler
Attorney for Plaintiff
2710 Broadway, 2nd Floor
New York, New York 10025
Tel: (212)760-2400
Fax: (917)512-6132
swexler@collectorabuselaw.com

# EXHIBIT A

| | | | |
|---|---|---|---|
| MAURICE H. PRESSLER (1930-2002) <br> SHELDON H. PRESSLER <br> ------- <br> GERARD J. PELT <br> STEVEN P. MCCABE <br> LAWRENCE J. MCDERMOTT, JR. <br> ------- <br> MITCHELL L. WILLIAMSON <br> THOMAS M. BROGAN <br> RALPH GULKO <br> JOANNE L. D'AURIZIO <br> CHRISTOPHER P. ODOGBILI | *PRESSLER AND PRESSLER, L.L.P.* <br> COUNSELLORS AT LAW <br> 7 Entin Road <br> Parsippany, NJ 07054-5020 <br> Off: (973) 753-5100 <br> Fax: (973) 753-5353 <br> --------- <br> NY Office <br> 305 Broadway <br> 9th Floor <br> New York, NY 10007 <br> Off: (516)222-7929 <br> Fax: (973)753-5353 <br> Reply to [X] NJ Office [ ] NY Office | DALE L. GELBER <br> CRAIG S. STILLER* <br> STEVEN A. LANG <br> DANIEL B. SULLIVAN <br> GINA M. LO BUE | DARYL J. KIPNIS <br> DARREN H. TANAKA <br> MITCHELL E. ZIPKIN <br> MICHAEL J. PETERS <br> RITA E. AYOUB <br> ------------------------------ <br> * NY State License Only <br> OFFICE HOURS: <br> Monday-Thursday: 8am-9pm <br> Friday: 8am-7pm <br> Saturday: 9am-2pm |

YECHIEL GERSTLE
140 E LINDEN AVE
ENGLEWOOD, NJ 076313622

07/14/11
P&P FILE G152866
Amount of the Debt $1,121.94

Dear YECHIEL GERSTLE

This is to notify you that your account with BANK OF AMERICA, account # 4888931205552644 has been purchased by MIDLAND FUNDING LLC and has been placed with the firm of Pressler and Pressler, LLP for collection.

We shall afford you this opportunity to pay this debt immediately and avoid further action against you. Make your check or money order payable to Pressler and Pressler, LLP and include your File Number G152866 and remit to:

Pressler and Pressler, LLP 7 Entin Rd. Parsippany, NJ 07054-5020

Payment can be made on the website www.paypressler.com. We also accept Visa/MasterCard and American Express. If you choose this payment option return this letter along with:

```
Name as it appears on Credit Card_____
Street # & Zip_____ Expires ___/___
Credit Card # _____/Security Code_____
Amount $ _____
Signature _____
```

If you are unable to pay the balance in full and would like to discuss payment arrangements, please contact us at (888) 312-8600.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

**PLEASE READ THE FOLLOWING PROVIDED TO YOU PURSUANT TO FEDERAL STATUTE:**

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receipt of this notice that you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your request in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.